IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ROBERT J. FREY, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:18-CV-191 (CDL) |
| ANTHONY BINFORD MINTER and HAROLD BLACH, JR., | * |
| | * |
| Defendants. | |

O R D E R

Presently pending before the Court are Anthony Binford Minter's motions to compel. First, Minter seeks a response to his first request for production of documents from Robert J. Frey, which Minter served on Frey via email on January 25, 2019 (ECF No. 79). Second, Minter seeks a supplemental response to a subpoena he served on the non-party law firm Hunton Andrews Kurth ("Hunton") on January 25, 2019 (ECF No. 80).

**I. Minter's Motion to Compel Frey (ECF No. 79)**

A. First Request for Production of Documents

This action was originally filed in Florida state court and removed to the U.S. District Court for the Middle District of Florida. The parties filed a joint case management report, proposing a discovery deadline of January 26, 2019 and agreeing that "all discovery must be commenced in time to be completed before this date." Case Mgmt. Report 1, ECF No. 26. The

parties further agreed that each party would "timely serve discovery requests so that the rules allow for a response prior to the discovery deadline." *Id.* at 8. The Middle District of Florida entered a scheduling order directing the parties "to meet the agreed upon terms and time limits set forth in their Case Management Report" and stating that discovery would end on January 26, 2019. Case Mgmt. & Scheduling Order 1 ¶ 1, ECF No. 29. The Middle District of Florida later stayed discovery pending a ruling on several motions. After the action was transferred to this Court, the discovery stay remained in effect until the Court ruled on the pending motions on December 4, 2019. Then, the Court entered an order stating that the discovery deadline set in the original scheduling order would remain in effect. Text Order (Dec. 5, 2018), ECF No. 51. Neither side sought an extension of the discovery deadline.

Frey appealed several of the Court's rulings on January 3, 2019, though there was no final order and no right to an immediate appeal. The Court did not stay discovery, and the parties continued engaging in discovery. The Eleventh Circuit later dismissed Frey's appeal for lack of jurisdiction. Corrected Mandate (Mar. 1, 2019), ECF No. 67. At that point, the Court anticipated that the parties would need an extension of the discovery deadline. The Court thus found good cause for an amended scheduling order and instructed the parties to submit

2

a joint proposed scheduling order that included an updated discovery deadline. Text Order (Mar. 6, 2019), ECF No. 69.

The parties agreed that no further discovery was needed, although they did agree to a deadline for motions to compel previously issued discovery requests. The Court initially entered an amended scheduling order that provided for no motions to compel, noting that any discovery motions should have been filed during discovery. Minter sought reconsideration, asserting that the parties had agreed that "no new discovery requests would be issued, but that they could seek Court action on requests that had already been issued." Def.'s Mot. for Recons. 4, ECF No. 72. Frey opposed the motion for reconsideration, anticipating that Minter may seek to compel responses to discovery requests that were made on the eve of the discovery deadline. Confusion existed because while neither side sought an extension of the discovery deadline because they did not intend to propound new discovery, Minter clearly intended to compel responses to previously propounded discovery even though he apparently overlooked the fact that the requests were not served in time to be responded to by the previously imposed discovery deadline.

The Court granted the motion for reconsideration in a text order and adopted the deadlines that the parties originally proposed. In doing so, the Court knew that any motion to compel

3

would likely relate to discovery requests that were served during discovery, even those that were technically untimely under the Case Management and Scheduling Order.  And, had Minter simply requested an extension of the discovery deadline so that the responses would have been due before the expiration of the new deadline, the Court almost certainly would have granted it. Minter's failure to make that simple request has presented the dilemma he faces today.  The Court permitted him additional time to file a motion to compel responses to discovery, yet that discovery arguably remains untimely given Minter's failure to ask for a simple extension of the discovery deadline.  The question is whether he has now waived his right to seek discoverable evidence that he would have been entitled to had he simply asked.   The Court finds that he has not.

Given that the Court had found good cause for an amendment of the scheduling order and had invited the parties to extend all of the deadlines, including the discovery deadline, the Court's ruling that permitted post-discovery motions to compel likewise included the right to compel responses to any discovery that had been propounded prior to the expiration of the discovery deadline, even if responses to that discovery could not have been made prior to the previous discovery deadline.  To hold otherwise would make the Court's order extending the motion to compel deadline meaningless because there would be no

4

discovery requests that could be compelled. Accordingly, the Court finds that Minter's motion to compel shall not be denied based upon his failure to serve his discovery requests within the deadline established by the earlier case management order.[1]

Frey argues that even if the January 25, 2019 discovery requests are considered timely, he was not properly served with the requests because he did not consent in writing to service of discovery requests via email. A "paper," including a motion or a discovery request, may be served under Rule 5 by "sending it by other electronic means that the person consented to in writing--in . . . which event[] service is complete upon . . . sending, but is not effective if the filer or sender learns that it did not reach the person to be served." Fed. R. Civ. P. 5(b)(2)(E).[2] In this case, Minter presented evidence that his former attorney, Josh Dell, asked Frey about his service preferences. Specifically, Dell stated in an email to Frey: "I presume email service to this [email] address is sufficient for the federal court filings. If you prefer service some other way,

---

[1] The Court notes that Minter objected to Frey's discovery requests because they were untimely. Given today's ruling, those objections lack merit. However, Frey has filed no motion to compel.

[2] Before December 1, 2018, a paper was served by "sending it by electronic means if the person consented in writing." Fed. R. Civ. P. 5(b)(2)(E) (Nov. 30, 2018). And, a party could use the court's transmission facilities to make service if the court's local rules permitted it. Fed. R. Civ. P. 5(b)(3) (Nov. 30, 2018). The current version of Rule 5 combines these two rules and dispenses with the requirement that there be a local rule to authorize service via a court's facilities.

5

let me know." Def.'s Mot. to Compel Attach. 11, Email from J. Dell to B. Frey (Jul. 6, 2018 at 8:21 AM), ECF No. 79-11. Frey responded, "Yes, this email is good." *Id.* Attach. 11, Email from B. Frey to J. Dell (Jul. 6, 2018 at 3:51 PM), ECF No. 79-11. Frey now contends that he meant that he consented to service by email of only documents that were filed with the court using the court's electronic filing system, but not of any other paper.[3] That intention is not clear from the face of Frey's email. Therefore, Minter was justified in believing that Frey had consented to service of discovery requests by email. Even if Frey had not so consented, any deficiency in Minter's service was harmless because it is clear that Frey received the document requests. The Court declines to deny the motion to compel on this ground.

Frey's opposition to the motion to compel is based solely on his contention that the requests were untimely and were not properly served. For the reasons set forth above, the Court rejects those arguments and grants Minter's motion to compel against Frey (ECF No. 79). Within twenty-one days of the date of this Order, Frey shall serve his responses to Minter's first request for production of documents. To the extent that Frey claims that any responsive documents should be withheld based on

---

[3] By virtue of registering for the Middle District of Florida's electronic filing system, Frey consented to electronic service of all documents that were filed on that system. M.D. Fla. Admin. Procedures for Elec. Filing § II.B.2.

6

attorney-client or other privilege, he should produce the documents to the Court for an *in camera* review, along with a privilege log and an affidavit asserting the basis for withholding each document. At this point, the Court declines to award Minter, who is proceeding pro se, payment of expenses incurred in filing his motion to compel. Some of his wounds are self-inflicted from his failure to obtain an extension of the discovery deadline.

### B. Initial Disclosures

The Federal Rules of Civil Procedure require a party to provide "a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). According to Minter, Frey did not supplement his initial disclosures to provide a computation of damages. Under Rule 37(c)(1), if a party fails to provide information as required by Rule 26(a), the "party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Frey did not respond to this portion of Minter's motion to compel.

Within twenty-one days of the date of this Order, Frey shall show cause why he should not be sanctioned in accordance with Rule 37(c)(1) with regard to his computation of damages disclosures.

**II. Minter's Motion to Compel Hunton (ECF No. 80)**

Minter also filed a motion to compel against non-party law firm Hunton, contending that the firm failed to respond adequately to his subpoena. The documents that are the subject of Minter's subpoena to Hunton are the same documents that are the subject of Minter's document request number 1 to Frey: all written communication between Frey and Kurt A. Powell from July 31, 2012 to the present. Even though the Court has ordered Frey to produce these same documents, Minter has the right to assure himself that Frey's production is complete. The only way that can be accomplished is with this request upon Hunton. The Court is sensitive about imposing unnecessary costs upon a non-party. That concern can be addressed, however, by requiring Minter to pay for Hunton's expenses associated with responding to the request. Accordingly, Hunton shall provide Minter with an estimated cost for responding to the requests, and upon payment of those costs, Hunton shall produce the documents within twenty-one days. For any documents to which Hunton claims privilege, it shall produce the documents *in camera* to the Court

with a privilege log filed on the public docket and served on the parties.

IT IS SO ORDERED, this 12th day of June, 2019.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        CHIEF U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA