IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ROBERT J. FREY, | * |
| Plaintiff, | * |
| vs. | * |
| | *     CASE NO. 4:18-CV-191 (CDL) |
| ANTHONY BINFORD MINTER and HAROLD BLACH, JR., | * |
| | * |
| Defendants. | * |

O R D E R

This action involves allegations of defamation and assault by opposing counsel. Robert J. Frey claims that Defendants slandered and libeled him when Anthony Binford Minter, his opposing counsel in another action, falsely accused Frey of fraud to a newspaper reporter whose newspaper published the accusatory statements. Frey also asserts that Minter and his client Harold Blach engaged in defamation through pleadings by repeating the accusatory statements in filings before this Court and that Minter assaulted him along the way. Minter brought a counterclaim against Frey, alleging that Frey published defamatory statements about him. Presently pending are the parties' motions for summary judgment and Frey's motion for leave to amend his complaint. As discussed below, the Court denies Frey's partial summary judgment motion (ECF No. 85),

grants Defendants' summary judgment motion (ECF No. 84), and denies Frey's motion for leave to amend (ECF No. 90).

DISCUSSION

I. **Motions for Summary Judgment**

Frey seeks partial summary judgment on certain elements of his defamation claims. He asks the Court to conclude, as a matter of law, that Defendants' statements were false and defamatory and that Defendants' claims of privilege lack merit. Defendants, on the other hand, seek summary judgment on all of Frey's claims.

A. Summary Judgment Standard

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

B. Factual Background

Blach, who is represented by Minter, held an Alabama judgment against Sal Diaz-Verson, which he has been trying to collect since 2012. Frey, who is Diaz-Verson's former lawyer, also held a judgment against Diaz-Verson for unpaid legal fees that Diaz-Verson owed him. Neither party's present statement of material facts squarely addresses the circumstances of Frey's Judgment against Diaz-Verson, but the circumstances are relevant. Based on the record in a separate action before this Court, Frey's judgment was originally obtained by Porter Bridge Loan Company against Diaz-Verson. *Blach v. Diaz-Verson*, No. 4:15-MC-5, 2017 WL 1854675, at *2 (M.D. Ga. May 8, 2017). After Diaz-Verson paid part of the judgment's balance to achieve a settlement with Porter Bridge, Porter Bridge assigned the unsatisfied balance of the judgment to Frey in late 2012, and Frey recorded it in Harris County, Georgia in early 2013. *Id.* The assignment was meant to secure Frey's right to collect a portion of the unpaid legal fees that Diaz-Verson owed to Frey. *Id.*

Diaz-Verson's former employer, AFLAC Inc., makes bimonthly payments to Diaz-Verson, twenty-five percent of which is subject to garnishment. In 2015, Blach registered his Alabama judgment in Georgia and began filing garnishment actions against Diaz-Verson in this Court and in other Georgia courts, seeking to

3

garnish the AFLAC payments. Frey filed third-party claims in those garnishment actions, arguing that he had a judgment that was superior to Blach's.

Blach, represented by Minter, argued that the assignment of the Porter Bridge Judgment to Frey was a fraudulent transaction.[1] In August 2016, Minter provided *Daily Report* reporter Greg Land an official statement about Blach's garnishment proceeding against Diaz-Verson. The *Daily Report* published the following statements:

- Minter "claims that he's being blocked from collecting [a judgment for his client] by [Frey], who holds a years-old judgment [Diaz-Verson]."

- "According to Minter, Frey apparently has no intention of collecting on the $300,000 judgment but is using it to block anyone else's efforts to target his ex-client's funds."

- Minter said, "I'm arguing that it's a fraudulent arrangement; impermissible, unethical, and void."

- Minter also said, "If this is permissible, any debtor could evade future creditors by arranging, under confidential terms, for an existing judgment debt to be assigned to his own attorney. The debtor's attorney could keep doing legal work to ensure the old judgment debt never gets paid, but then deny other would-be garnishors based on his 'owing' a prior judgment."

---

[1] The Court later rejected that argument, twice, because Blach did not point to evidence from which a reasonable juror could conclude that the assignment was voidable as a fraudulent transaction under the Georgia Uniform Voidable Transfers Act, O.C.G.A. § 18-2-74. *Blach v. Diaz-Verson*, No. 4:15-MC-5, 2017 WL 1854675, at *5 (M.D. Ga. May 8, 2017); *Blach v. Diaz-Verson*, No. 4:15-MC-5, 2018 WL 1321038, at *3 (M.D. Ga. Mar. 14, 2018), *modified on other grounds* in 2018 WL 1598665 (M.D. Ga. Apr. 2, 2018).

4

Pl.'s Aff. Ex. B, Greg Land, Garnishment Action Accuses Lawyer of Using Unpaid Judgment to Block Debt Collection, *Daily Report*, Aug. 19, 2016, ECF No. 1-2 at 220-23.

C. Frey's Defamation Claims

Frey seeks summary judgment on certain elements of his defamation claims and on Defendants' privilege defense. Specifically, he asks the Court to decide, as a matter of law, that Minter's statements to *Daily Report* reporter Greg Land, which were later published in the *Daily Report*, were false and defamed Frey. He also asks the Court to decide, as a matter of law, that two 2018 filings Minter made on behalf of Blach in the garnishment action were false and defamed Frey and were not privileged under O.C.G.A. § 51-5-9.[2] Frey argues that the only fact issue remaining on his defamation claims is the issue of damages. Defendants argue that they are entitled to summary

---

[2] Frey added the "defamation through pleadings" claim in his second amended complaint, which he filed after the close of discovery on April 20, 2019. Pl.'s 2d Am. Compl. ¶¶ 64-73, ECF No. 78. It is based on statements in Blach's February 24, 2018 response to Frey's motion for disbursement of funds (ECF No. 315 in 4:15-mc-5) and Blach's March 1, 2018 motion for disbursement of funds (ECF No. 316 in 4:15-mc-5). These statements repeat Defendants' argument that Minter previously made to the *Daily Report*: Frey on one occasion structured the assignment of a judgment against his former client in an improper way, then used the judgment to protect his former client from other judgment holders. Although Frey alleged in his first amended complaint that the February 24, 2018 response brief evidenced "continued defamation," Am. Compl. ¶ 72, ECF No. 2, he did not seek leave to file a supplemental pleading based on the two 2018 filings. *See* Fla. R. Civ. P. 1.190(d) (requiring leave of court to file a supplemental pleading setting out events that happened after the date of the pleading to be supplemented); *accord* Fed. R. Civ. P. 15(d) (same). Even if the claim were properly before the Court, it would fail for lack of special damages, as discussed below.

5

judgment on Frey's defamation claims because, among other things, Frey has not presented any evidence of special damages.

"To establish a cause of action for defamation, a plaintiff must submit evidence of (1) a false and defamatory statement about himself; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special damages or defamatory words 'injurious on their face.'" *Chaney v. Harrison & Lynam, LLC*, 708 S.E.2d 672, 676 (Ga. Ct. App. 2011) (quoting *Lewis v. Meredith Corp.*, 667 S.E.2d 716, 718 (Ga. Ct. App. 2008)). Defamatory words that are "injurious on their face" without the aid of extrinsic proof are actionable as defamation *per se*. *Smith v. Stewart*, 660 S.E.2d 822, 831 (Ga. Ct. App. 2008) (quoting *Zarach v. Atlanta Claims Ass'n*, 500 S.E.2d 1, 5 (Ga. Ct. App. 1998); *see also Cottrell v. Smith*, 788 S.E.2d 772, 781 (noting that the "categories of slander have been engrafted into the libel statute, with the result that libel in the nature of the first three categories of slander" is libel *per se* and "carries with it the inference of damages"). Absent proof of defamation *per se*, a plaintiff cannot state a claim for defamation without proving special damages. *McGee v. Gast*, 572 S.E.2d 398, 401 (Ga. Ct. App. 2002) (affirming summary judgment in favor of the defendant where the plaintiff did not plead special damages or produce evidence that special damages

6

resulted from the defendant's allegedly defamatory words); *accord* O.C.G.A. § 51-5-4(b) (stating that unless slander or oral defamation falls within one of the three categories that Georgia recognizes as slander *per se*, "special damage is essential to support an action").

Frey contends that he may recover general damages on his defamation claim, arguing that "[t]he tortious act of defamation causes a plaintiff to suffer 'general damages' sometimes called 'presumed damages.'" Pl.'s Resp. to Def.'s Mot. for Summ. J. 4, ECF No. 92. But, as discussed above, Frey must have a valid claim of defamation *per se* to be entitled to general damages. The Court previously concluded that Frey did not state a claim for defamation *per se*.[3] Order on Mot. to Dismiss 14 (Dec. 4, 2018), ECF No. 50. Thus, to prevail on his defamation claims, Frey must establish not only that Minter made unprivileged defamatory statements about him but also that he suffered special damages as a result of those statements. "The special damages required to support an action for defamation, when the

---

[3] The Court made this ruling based on the allegations in Frey's original complaint as supplemented by his first amended complaint (ECF No. 1-1 & ECF No. 2). Frey did not attempt to assert a claim for defamation *per se* in his second amended complaint. Even if he had, the Court granted Frey permission to amend his complaint after the close of discovery because his original complaint contained references to Florida law and he wished to incorporate provisions of Georgia law given the Court's ruling that Georgia law applies to his defamation claim. Text Order (Mar. 6, 2019), ECF No. 69. Frey did not request, and the Court did not grant, leave to add additional factual allegations or causes of action. He was also not granted leave to attempt to resurrect claims that were previously dismissed.

7

words themselves are not actionable, must be the loss of money or some other material temporal advantage capable of being assessed in monetary value." *McGee*, 572 S.E.2d at 401. "The loss of income, of profits, and even of gratuitous entertainment and hospitality will be special damage if the plaintiff can show that it was caused by the defendant's words." *Id.* (emphasis omitted) (quoting *Webster v. Wilkins*, 456 S.E.2d 699, 701 (Ga. Ct. App. 1995)).

Though the Court found at the motion to dismiss stage that Frey adequately alleged special damages, to survive summary judgment on this ground he must present *evidence* of special damages. *See McGee*, 572 S.E.2d at 401 (affirming summary judgment in favor of the defendant where the plaintiff did not plead special damages or produce evidence that special damages resulted from the defendant's allegedly defamatory words). Frey did not do so. In fact, Frey did not produce any computation of damages during discovery or in response to Minter's summary judgment motion. Minter filed a motion to sanction Frey for his failure to supplement his initial disclosures to provide a computation of damages. The Court ordered Frey to show cause by July 3, 2019 why he should not be sanctioned for his failure to provide a computation of damages. Order 8 (June 12, 2019), ECF No. 88. In response to the Court's order, Frey stated that he was "not seeking more than 'compensatory damages' and 'punitive

8

damage.'" Pl.'s Resp. to Court Order 2, ECF No. 93. Frey further stated that the "compensatory damages" he seeks are "the standard general defamatory damages for loss to reputation, pain and suffering and emotional distress, none of which require Plaintiff to 'calculate' and disclose" specific amounts. *Id.* Again, because he does not have a claim for libel or slander per se, Frey is not entitled to recover general damages. He must prove special damages, such as lost income or profits. Given that Frey did not produce any evidence of special damages caused by Minter's allegedly defamatory statements—and apparently does not even intend to seek such damages—Defendants are entitled to summary judgment on Frey's defamation claims. Having concluded that Defendants are entitled to summary judgment on Frey's defamation claims based on his failure to present evidence of special damages, the Court need not address whether Frey proved, as a matter of law, that Defendants' statements were unprivileged, false, and defamatory. Accordingly, his motion for partial summary judgment is denied.

### D. Frey's Assault Claim

In addition to his defamation claims, Frey contends that Minter is liable for civil assault based on an alleged altercation that happened on November 17, 2017, after Frey filed this action. Minter seeks summary judgment on Frey's assault claim because Frey never sought leave to add such a claim. Frey

9

did not state a claim for civil assault in his original complaint because the alleged assault had not yet happened. Frey did allege facts regarding the alleged assault in his first amended complaint that he filed in the Florida state court on July 2, 2018. *See* Am. Compl. ¶ 67, ECF No. 2 (alleging that Minter "made a veiled threat of death" to Frey). But, he did not add a claim for assault at that time. Rather, he stated that the new allegations were evidence of Defendants' "continued defamation with animus and malice." *Id.* at 1; *accord* Pl.'s Resp. to Defs.' Mot. for Summ. J. 10, ECF No. 92 (stating that Frey did not believe that he had legal grounds to add a civil assault claim against Minter while this action was pending in Florida). Furthermore, the Florida Rules of Civil Procedure, like Federal Rule of Civil Procedure 15(d), require leave of the court "to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fla. R. Civ. P. 1.190(d); *accord* Fed. R. Civ. P. 15(d). Frey did not seek or receive leave to add an assault claim. Therefore, any civil assault claim was not properly added when Frey filed his first amended complaint, and Minter was not on notice based on the first amended complaint that Frey intended to pursue a civil assault claim against him.

10

Frey also did not seek leave to add an assault claim when he asked this Court for leave to file a second amended complaint. A month before the close of discovery, Frey sought permission to amend his complaint because his original complaint contained references to Florida law and he wished to incorporate provisions of Georgia law given the Court's ruling that Georgia law applies to his defamation claims. Mot. for Leave to Amend 1, ECF No. 55. Nothing in Frey's motion suggested that Frey wished to add a new claim for civil assault. Given the Court's understanding that Frey merely wished to replace his references to Florida law with references to Georgia law, the Court granted Frey's motion for leave to amend the complaint.[4] Frey did not clearly request, and the Court certainly did not grant, leave to add an additional cause of action. Since neither the Florida state court nor this Court granted Frey leave to add a civil assault claim, the civil assault claim asserted in Frey's post-discovery second amended complaint is not properly before the Court, and it is dismissed without prejudice.

---

[4] Shortly after Frey filed the motion, he appealed the Court's order that denied his motion to remand, denied his motion to transfer, and granted in part Defendants' motion to dismiss. The Court deferred ruling on Frey's motion for leave to amend until after the Eleventh Circuit issued its mandate dismissing the appeal for lack of jurisdiction. By that time, discovery had closed, and the parties agreed that no additional discovery was needed.

**II. Plaintiff's Motion for Leave to Amend Complaint**

Nine months after the deadline for joining parties, nearly five months after the close of discovery, two months after the deadline for Plaintiff to file a second amended complaint, and two weeks after the dispositive motion deadline, Frey filed a motion for leave to file a third amended complaint. This time, Frey wishes to amend the complaint to add Minter's former law firm, Wagner, Johnston & Rosenthal, P.C., as a Defendant on Count II of his second amended complaint. Even if Count II had been properly added as a supplemental pleading and even if the Court had not dismissed all of Frey's defamation claims based on his failure to produce evidence of special damages, the Court would deny this motion. Frey knew or should have known that Minter began working at Wagner, Johnston & Rosenthal in early 2017. *See* Notice of Change of Address (Mar. 7, 2017), ECF No. 166 in 4:15-mc-5 (sent via email to all case participants, including Frey). Frey also knew or should have known that before then, Minter was a solo practitioner whose firm was called A. Binford Minter, LLC. *See* Certificate of Service (Feb. 19, 2017), ECF No. 158 at 3 in 4:15-mc-5 (sent via email to all case participants, including Frey). Frey offered no good cause why he did not seek to add Wagner, Johnston & Rosenthal, P.C. as a Defendant by the deadline set in the scheduling order.

Accordingly, his motion for leave to amend the complaint (ECF No. 90) is denied.

CONCLUSION

As discussed above, the Court denies Frey's partial summary judgment motion (ECF No. 85), grants Defendants' summary judgment motion (ECF No. 84), and denies Frey's motion for leave to amend (ECF No. 90). Frey did not seek summary judgment on Minter's counterclaim for defamation, so that claim remains pending for trial.[5] The Court plans to hold the trial during the Court's next Columbus civil trial term in March 2020.

Minter's second motion to compel (ECF No. 95) is still pending before the Court. Within seven days of the date of this Order, Minter shall notify the Court whether he intends to pursue the motion in light of today's ruling. If Minter does not withdraw the motion, he shall articulate why the information sought is relevant to his counterclaim.

IT IS SO ORDERED, this 29th day of August, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[5] Minter's counterclaim is a permissive counterclaim under Federal Rule of Civil Procedure 13(b) because it does not arise out of the same transaction or occurrence as Frey's claim. Instead, Minter's counterclaim arises out of allegedly defamatory statements that Frey made about Minter to others. There is complete diversity among the parties, and Minter seeks $50,000 in compensatory damages and $250,000 in punitive damages, so it appears there is an independent jurisdictional basis to adjudicate the counterclaim.

13